UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

JS-6

| | |
|---|---|
| Case No. 2:25-cv-06626-HDV-MBK | Date January 6, 2026 |
| Title *Jesus Estrada Pelagio v. Modern Floor Specialists, et al.* | |

Present: The Honorable  Hernán D. Vera, United States District Judge

| Wendy Hernandez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [16]**

The matter before the Court is Plaintiff Jesus Estrada Pelagio's ("Plaintiff") Motion for an Order Remanding this Case to State Court ("Motion"). [Dkt. 16]. At the hearing on the Motion held on December 18, 2025, Plaintiff's counsel was present but counsel for the Defendants failed to appear; the Court took the Motion under submission. [Dkt. 22]. The Motion is fully briefed. *See* Opposition [Dkt. 17]; Reply [Dkt. 20]. For the following reasons, Plaintiff's Motion is **granted**.

**I.    BACKGROUND**

On May 15, 2025, Plaintiff filed a Complaint against corporate Defendants Modern Floor Specialists. Inc., Clean Solution Experts. Inc., and individual defendants Martha Arciniega, Joseph Branch, Alicio Mendoza Galeno, and Erica Perez (collectively "Defendants"), in the Superior Court of California, County of Los Angeles. [Dkt. 1, Ex. A]. The Complaint alleges sixteen causes of action that Plaintiff asserts all arise solely under California law. *Id.*[1]

---

[1] The Complaint, as originally filed, contained the following claims: (1) discrimination on the basis of disability in violation of the Fair Employment and Housing Act (FEHA); (2) retaliation in violation of FEHA; (3) failure to accommodate in violation of FEHA; (4) failure to engage in the interactive process in violation of FEHA; (5) failure to prevent discrimination and retaliation in violation of FEHA; (6) interference with California Family Rights Act (CFRA) rights; (7) retaliation under CFRA; (8) wrongful termination in violation of public policy; (9) intentional

Plaintiff has worked as a janitor for corporate Defendants on a full-time, hourly basis since November 2, 2018.[2]  Complaint ¶¶ 2, 6, 26.  During his employment, Plaintiff performed physically strenuous work including frequent night shifts from 11:00 p.m. to 5:00 a.m., six days a week, cleaning bathrooms, floors, and staircases of markets and supermarkets throughout Los Angeles.  *Id.* at ¶ 26.  Plaintiff alleges that Defendants engaged in numerous labor violations including requiring off-the-clock work, failing to provide required meal and rest breaks, providing inaccurate time records and wage statements, and failing to pay wages at the time of separation.  *Id.* ¶¶ 29-31.

Moreover, Plaintiff alleges that on August 31, 2024 at approximately 3:00 a.m., he suffered injuries to his hand, knee, and foot while performing his job duties.  *Id.* ¶ 36.  After reporting his injury to his supervisor and seeking medical care immediately following the incident, Plaintiff was prescribed three-days of medical leave by his physician and further evaluation by an orthopedic specialist within five to seven days.  *Id.*  Although still in pain, Plaintiff further alleges that he returned to work on September 4, 2024, and requested accommodations, such as time for a follow-up appointment with a specialist and reduced work duties.  *Id.* ¶ 37.  However, instead of receiving any accommodations, Plaintiff contends that he was fired via a phone call on September 6, 2024, six days after he was injured at work and two days after returning to work from medical leave.  *Id.*

On July 21, 2025, Defendants removed the action to the Central District of California based on alleged federal question and supplemental jurisdiction purportedly under the Americans with Disabilities Act ("ADA") and the Family and Medical Leave Act ("FMLA").  [Dkt. 1].

Plaintiff moves to remand the case back to state court on the basis that this Court lacks subject matter jurisdiction under 28 U.S.C. Section 1447(c).  Motion at 4.  Plaintiff asserts that the Complaint does not allege any claims arising under federal law as the sixteen causes of action are all based exclusively on California law.  *Id.*  Plaintiff claims that because there is no federal question jurisdiction, removal was improper.  *Id.*

---

infliction of emotional distress; (10) failure to pay minimum wages in violation of the Labor Code; (11) failure to provide accurate wage statements; (12) failure to provide meal periods; (13) failure to provide rest periods; (14) failure to timely pay wages during employment; (15) failure to pay all wages due upon separation; and (16) unfair business practices under Business and Professions Code section 17200 *et seq.*  *Id.*

[2] Plaintiff began working for Defendant Modern Floor Specialists, Inc. ("Modern Floor") on or about November 2, 2018 and was reclassified as an employee of Defendant Clean Solutions Experts, Inc. ("Clean Solutions") in or around May 2023 when the company succeeded Modern Floor in operating the janitorial business.  Complaint ¶¶ 2-3, 26.

## II. LEGAL STANDARD

Generally, a civil action filed in state court may properly be removed if there is federal subject matter jurisdiction at the time of removal, which exists when the suit arises under federal law or when the parties are diverse and the amount in controversy is over $75,000.[3] *See* 28 U.S.C. §§ 1441, 1331, 1332.  The removing party bears the burden of establishing federal subject matter jurisdiction.  *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 682 (9th Cir. 2006).  Failure to do so requires remand.  *Kelton Arms Condo. Owners Ass'n v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003).

According to the "well-pleaded complaint rule," "federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  However, a plaintiff may not defeat removal simply by omitting necessary federal questions.  *JustMed, Inc. v. Byce*, 600 F.3d 1118, 1124 (9th Cir. 2010).  If an area of state law has been "completely preempted," any state law claim thereunder is "considered, from its inception, a federal claim, and therefore arises under federal law." *Caterpillar*, 482 U.S. at 393.

## III. DISCUSSION

Plaintiff contends that removal was improper because there is no federal question jurisdiction and moves to remand the case pursuant to 28 U.S.C. Section 1447(c) on the grounds that the Court lacks subject matter jurisdiction.  Motion at 2-4.  Plaintiff invokes the "well-pleaded complaint rule" and asserts that federal question jurisdiction only exists under 28 U.S.C. Section 1331 where a well-pleaded complaint establishes that federal law creates the cause of action.  Motion at 5 (citing *Caterpillar Inc. v. Williams,* 482 U.S. at 392).  Plaintiff avers that removal in the present case is precluded by the well-pleaded complaint rule because none of Plaintiff's claims arise under or are created by federal law, nor does his "right to relief necessarily depend[] on resolution of a substantial question of federal law."  Reply at 2 quoting *Franchise Tax Bd. of State of Cal. v. Construction Laborers Vacation Trust for Southern California,* 463 U.S. 1, 27-28 (1983).

Plaintiff also maintains that all sixteen causes of action in the Complaint are based on California law and include claims under the California Fair Employment and Housing Act ("FEHA"), the California Family Rights Act ("CFRA"), and several provisions of the California Labor Code and Business and Professions Code.  Motion at 4-5.  Plaintiff further contends that the Complaint does not rely on or invoke any federal statutes, such as the Americans with Disabilities Act ("ADA") or the Family and Medical Leave Act ("FMLA"), nor does the fact that the conduct alleged in the Complaint may also be encompassed by federal statutes serve to convert inherently state claims into federal claims.  Motion at 5.

---

[3] Defendants belatedly and unconvincingly raise the issue of diversity jurisdiction in their opposition, stating that "Plaintiff's domicile and immigration status raise questions of diversity and alienage jurisdiction, further supporting removal."  Opposition at 3.

Defendants attempt to carve out an exception to these recognized principles. Defendants argue that because Plaintiff is ostensibly an immigrant, and because the Complaint seeks remedies for backpay, reinstatement, and leave-related benefits, the case presents a federal remedial question implicating the Immigration Reform and Control Act of 1986 (IRCA). Opposition at 2-3. Defendants cite to *Hoffman Plastic Compounds, Inc. v. N.L.R.B.,* and argue that the IRCA/*Hoffman* issue—namely, whether "unauthorized workers . . . are subject to federal remedial limits,"—is a "disputed federal issue" requiring adjudication in the federal system. *Id.* (citing *Hoffman,* 535 U.S. 137 (2002) (court held that IRCA forecloses awarding backpay to undocumented immigrants who have never been legally authorized to work in the U.S.)). The Defendants further argue that, although they "do not assert complete preemption," Defendants have satisfied "*Grable's* test for § 1331 jurisdiction." *Id.*[4]

The Court disagrees.

It is well-settled that the mere presence of a federal issue in a state law claim does not confer automatic federal question jurisdiction. *Merrell Dow Pharms. Inc. v. Thompson,* 478 U.S. 804, 813 (1986). Further, federal preemption is not implicated where a plaintiff's claim does not "substantially depend" upon the application and interpretation of federal law which, Plaintiff contends, is clearly the case here. Motion at 6 (citing *Humble v. Boeing Co.,* 305 F.3d 1004, 1010 (9th Cir. 2002)).

The Supreme Court explains that "even where a claim finds its origins in state rather than federal law . . . we have identified a 'special and small category' of cases in which arising under jurisdiction still lies." *Gunn v. Minton,* 568 U.S. 251, 258 (2013) (citation omitted). Under the *Grable* factors, federal jurisdiction may exist over a state law claim if the federal issue is: "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Id.* (citing *Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.,* 545 U.S. 308, 314 (2005)). "Where all four of these requirements are met, we held, jurisdiction is proper because there is a 'serious federal interest in claiming the advantages thought to be inherent in a federal forum,' which can be vindicated without disrupting Congress's intended division of labor between state and federal courts." *Id.* (quoting *Grable,* 545 U.S. at 313-314).

Defendants' argument misses the mark because the principal basis for jurisdiction proffered under ICRA/*Hoffman* involves a potential defense to a financial remedy—an issue that is not yet implicated, much less one that is "necessarily raised." Indeed, the caselaw is clear that defenses raising federal issues do not, by themselves, create a basis for federal jurisdiction. *See*

---

[4] In response, Plaintiff avers that, by disclaiming complete preemption it its opposition, Defendants have "effectively conced[ed]" that Plaintiff's claims have not been transformed into federal claims. Reply at 4 (citing *Humble v. Boeing Co.,* 305 F.3d 1004, 1010-11 (9th Cir. 2002) (federal preemption not found where plaintiff's claim did not "substantially depend" upon the application and interpretation of federal law)). In order to maintain removal, Plaintiff contends, the Defendants must satisfy the "special and small category' of embedded-federal-question cases" articulated in the *Gable* test, which they cannot do. Reply at 4.

*Caterpillar, Inc. v. Williams,* 482 U.S. at 393 ("a case may *not* be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue.").

Moreover, the California Supreme Court has already addressed the IRCA/*Hoffman* issue within the context of state law. *See Salas v. Sierra Chemical, Co.,* 59 Cal. 4th 407, 421 (2014). In *Salas,* the court found that the IRCA "does not preempt all state laws relating to unauthorized aliens. In the words of the high court: 'Power to regulate immigration is unquestionably exclusively a federal power. [Citations.] But the [United States Supreme] Court has never held that every state enactment which in any way deals with aliens is a regulation of immigration and thus *per se* pre-empted by this constitutional power, whether latent or exercised.'" *Id.* (quoting *De Canas v. Bica*, 424 U.S. 351, 354–355 (1976)); *see also Arizona v. U.S.*, 567 U.S. 387 (2012).

That same analysis applies here. Defendants' IRCA-related defense to the available remedies is not "*per se* pre-empted" and therefore cannot constitute a "necessarily raised" or "actually disputed" federal issue under *Grable.* Nor are the ICRA/*Hoffman* issues "substantial" in this context. The Supreme Court in *Empire Healthchoice Assur., Inc. v. McVeigh*, concluded that *Grable* applies to only a "slim category" of situations which "presented a nearly pure issue of law, the resolution of which would establish a rule applicable to numerous . . .cases" not exemplified in "fact-bound and situation-specific" scenarios. 547 U.S. 677, 681 (2006). As the ICRA/*Hoffman* issue in the present case pertains to questions of employment authorization relevant to limited aspects of the relief requested, they are particularized and fact-dependent. Thus, these questions are not "substantial" within the meaning of *Grable*.

Lastly, Plaintiff asserts that exercising federal jurisdiction in the type of labor law discrimination case presented here would disturb the federal-state balance by "effectively federalizing run-of-the-mill FEHA/CFRA and wage-and-hour actions." Reply at 6. The Court agrees and finds that this type of action is not what was contemplated by the "slim category" of cases presenting a "nearly pure issue of law" articulated in *Grable*.

The Court therefore concludes that Plaintiff's claims are not preempted and Plaintiff has properly chosen to assert his claims under California law.

### IV.   CONCLUSION

For the foregoing reasons, Plaintiff's Motion is granted. The action is remanded back to the Los Angeles Superior Court.

**IT IS SO ORDERED.**